**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**OBANY COELLON ROCA,
ALIEN # A079-423-120,**

        **Petitioner,**

**vs.**                             **Case No. 4:10cv44-MP/WCS**

**IMMIGRATION AND
CUSTOM ENFORCEMENT (ICE),**

        **Respondent.**

_____/


## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, initiated this petition for a writ of habeas corpus under § 2241 on March 17, 2010, seeking the removal of a detained placed against him. Doc. 6.[1]  Respondents filed an answer to the amended petition on May 24, 2010.  Doc. 12.  I entered an order reminding Petitioner to file his reply, if desired, doc. 13, and when that deadline passed without a reply, I entered an order finding the issues in this case to be troubling, coming within the exception of the "in custody" holding as

---

[1] The amended petition alleges that Petitioner cannot be removed to his native country of Cuba because no immigration agreements exists between Cuba and the United States.  Doc. 6, p. 3.  Petitioner alleged ICE placed a detainer against him which harms him because he is prevented from participating in early release programs or obtaining work release.

explained in <u>Galaviz-Medina v. Wooten</u>, 27 F.3d 487, 493 (10th Cir. 1994) (because prisoner had a detainer plus a final order of deportation against him, he was in INS "custody" for habeas purposes); <u>Zolicoffer v. U.S. Dep't of Justice</u>, 315 F.3d 538, 540 (5th Cir. 2003) (finding that "[f]or a court to have habeas jurisdiction under § 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge" and specifically noting that the petitioner did "not contend that the INS actually ha[d] ordered his deportation . . . ."). Doc. 15. Thus, Respondents were requested to file a supplemental response, or a motion to dismiss, which more fully addresses this issue, as the Answer only asserted this case should be dismissed for lack of jurisdiction. Doc. 15.

Respondents have now filed a motion to dismiss this case as moot, demonstrating that the detainer placed against Petitioner has been removed. Doc. 17. Respondents have, thus, granted Petitioner that which he sought and this petition should, therefore, be dismissed as moot. There is no longer a controversy between these parties.

In light of the foregoing, it is respectfully **RECOMMENDED** that Respondents' motion to dismiss, doc. 17, be **GRANTED**, and the petition for writ of habeas corpus under § 2241 filed Obany Coellon Roca, be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on August 27, 2010.


  s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**